## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SELECTIVE INSURANCE COMPANY,*
As subrogee of SMULLENS SALVAGE
AND TOWING,                     *

     Plaintiff,                  *

v.                              *

EMPIRE COMFORT SYSTEMS, INC.  *       Civil Action No. WMN 03 CV 178

     Defendant and Third-Party       *
     Plaintiff,
                                     *

          *    *    *    *    *    *    *

## AMENDED ANSWER OF DEFENDANT
## EMPIRE COMFORT SYSTEMS, INC.

    The Defendant, Empire Comfort Systems, Inc., by the undersigned counsel, in

answer to the Complaint states as follows:

### FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND DEFENSE

    Plaintiff's purported causes of action are barred by the applicable statute of

limitations.

### THIRD DEFENSE

    Recovery is barred on the basis of contributory negligence.

## FOURTH DEFENSE

Recovery is barred on the basis of the assumption of risk.

## FIFTH DEFENSE

If the Plaintiff sustained damages, injuries or losses as alleged, such damages, injuries and losses were caused by persons or parties form whom this Defendant is not responsible.

## SIXTH DEFENSE

The Defendant denies that it manufactured the subject product.

## SEVENTH DEFENSE

The product allegedly manufactured and sold by this Defendant was designed, manufactured and sold in accordance with existing standards, regulations, statutes and state-of-the-art existing at the time of said activities.

## EIGHTH DEFENSE

The product allegedly manufactured and sold by this Defendant was neither defective nor unreasonably dangerous at the time it left the hands of this Defendant.

## NINTH DEFENSE

Recovery is barred on the basis that the product underwent a substantial change and/or alteration by persons or parties beyond this Defendant's control.

## TENTH DEFENSE

If Plaintiff sustained any damages, injuries or losses as alleged, such damages, injuries and losses were caused by superceding and/or intervening acts, conduct or causes sufficient to exculpate this Defendant from liability to the Plaintiff.

## ELEVENTH DEFENSE

The product allegedly sold by this Defendant was sold to knowledgeable, sophisticated and informed buyers and this Defendant is not liable to the Plaintiff for any alleged failure to warn.

## TWELFTH DEFENSE

Plaintiff's claims are barred by misuse.

## THIRTEENTH DEFENSE

Plaintiff's warranty claims are barred by Plaintiff's failure to give Defendant's reasonable notice or opportunity to cure the alleged defects.

## FOURTEENTH DEFENSE

The warranties and damages alleged by the Plaintiff were disclaimed and/or limited by the Defendant.

## FIFTEENTH DEFENSE

The Plaintiff lacks capacity to sue and/or authority to sue in a representative capacity.

## SIXTEENTH DEFENSE

The purported causes of action and alleged damages are barred or subject to reduction by virtue of principles of release.

3

## SEVENTEENTH DEFENSE

In response to the specific allegations of the Complaint, the Defendant states as follows:

1.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.  The Defendant admits that Empire Comfort Systems, Inc. is an Illinois corporation involved, among other things, in the manufacture and sale of heating products.

4.  The Defendant is not required to answer the jurisdictional allegations set forth in paragraph 4.  To the extent an answer is required, the allegations are denied and Defendant demands strict proof thereof.

5. The Defendant is not required to answer the jurisdictional allegations set forth in paragraph 5.  To the extent an answer is required, the allegations are denied and Defendant demands strict proof thereof.

6.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7.  The Defendant denies that it manufactured a propane heater model CH-18; the Defendant is without knowledge or information sufficient to forma a belief as to the truth of the allegations set forth in paragraph 7.

8.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.  The Defendant adopts and incorporates by reference its responses to paragraphs 1 through 12.

13.  The Defendant denies the allegations contained in paragraph 13.

14.  The Defendant denies the allegations contained in paragraph 14.

15.  The Defendant adopts and incorporates by reference its responses to paragraphs 1 through 14.

16.  The Defendant denies the allegations contained in paragraph 16.

17.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.  The Defendant denies the allegations contained in paragraph 18.

19.  The Defendant denies the allegations contained in paragraph 19.

20.  The Defendant denies the allegations contained in paragraph 20.

21.  The Defendant denies the allegations contained in paragraph 21.

22.  The Defendant adopts and incorporates by reference its responses to paragraphs 1 through 21.

23.  The Defendant denies the allegations contained in paragraph 23.

24.  The Defendant denies the allegations contained in paragraph 24.

25.  The Defendant denies the allegations contained in paragraph 25.

26.  The Defendant adopts and incorporates by reference its responses to paragraphs 1 through 24.

27.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.  The Defendant denies the allegations contained in paragraph 28.

29.  The Defendant denies the allegations contained in paragraph 29.

30.  The Defendant adopts and incorporates by reference its responses to paragraphs 1 through 29.

31.  The Defendant denies the allegations contained in paragraph 31.

32.  The Defendant denies the allegations contained in paragraph 32.

33.  The Defendant denies the allegations contained in paragraph 33.

34.  The Defendant denies any allegations not herein before specifically answered and demands strict proof thereof.

## **EIGHTEENTH DEFENSE**

Defendant contends that it is entitled to the benefit of Md. Code Ann., Cts. & Jud.

Proc. § 5-405 (2002), the 'sealed container' defense.

_____

James A. Rothschild
Anderson, Coe & King, L.L.P.
201 North Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 752-1630
***Attorney for Empire Comfort Systems, Inc.,***
***Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this          day of June, 2003, a copy of the foregoing

Amended Answer was electronically mailed and/or mailed, first class mail, postage prepaid,

to:

Thomas M. Wood, IV, Esquire
Neuberger, Qyinn, Gielen, Rubin & Gibber, P.A.
One South Street
27th Floor
Baltimore, Maryland  21202

Paul Bartolacci, Esquire
Cozen and O'Connor
The Atrium
1900 Market Street
Philadelphia, PA  19103
215 665-2001
fax (215) 665-2013

_____
James A. Rothschild