## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY,<br>As subrogee of SMULLENS SALVAGE<br>AND TOWING, | * <br> * <br> * |
| Plaintiff, | * |
| v. | * |
| EMPIRE COMFORT SYSTEMS, INC. | * |
| Defendant and Third-Party<br>Plaintiff, | * <br> * |
| v. | *   Civil Action No. WMN 03 CV 178 <br> * |
| SHARP ENERGY, INC.<br>861 Silver Lake Boulevard<br>Dover, Delaware 19901 | * <br> * |
| SERVE ON:<br>CSC Lawyers Incorporating<br>Service Company<br>11 East Chase Street<br>Baltimore, Maryland 21202 | * <br> * <br> * |
| Third-Party Defendant. | * |

\* \* \* \* \* \* \*

### THIRD-PARTY COMPLAINT

Defendant and Third-Party Plaintiff, Empire Comfort Systems, Inc., by its attorney, James A. Rothschild, sues Third-Party Defendant Sharp Energy, Inc., and for cause of action, says:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Selective Insurance Company ("Selective"), as subrogee of Smullens Salvage and Towing ("Smullens"), is an insurance company, organized under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

2. Defendant and Third-Party Plaintiff Empire Comfort Systems, Inc. ("Empire") is a corporation organized under the laws of the State of Illinois, with it principal place of business in the State of Illinois.

3. Third-Party Defendant Sharp Energy, Inc. is a corporation organized under the laws of the State of Delaware, with its principal office in the State of Delaware.

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, since there exists diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, since a substantial part of the events giving rise to the claim occurred in Maryland.

## BACKGROUND

6. On or about November 1, 2000, Selective's insured, Smullens, suffered a loss as the result of a fire that occurred at Smullens' business premises, located at 12570 Recycle Drive, Princess Anne, Maryland.

7. Empire sells unvented room heaters, designed and manufactured by others.

8. Selective alleges that Empire sold a heater, model CH-18 ("the heater"), to Smullens.

9. Selective sued Empire, under the theories of negligence, strict liability, misrepresentation, breach of warranty of merchantability, and breach of warranty of fitness for a particular purpose, claiming that a heater allegedly sold by Empire caused the Smullens fire.

10. Among other things, Selective asserts that the installation of the heater caused the Smullens fire.

11. Empire denies all liability in the Selective action, and asserts that the instructions provided regarding the installation of the heater were appropriate.

12. Upon information and belief, the heater originally was installed at the Smullens premises by representatives of Sharp Energy, Inc., and it was modified by Sharp Energy, Inc., upon information and belief, in 1994.

## **COUNT ONE (CONTRIBUTION)**

13. Empire incorporates by reference as if fully set forth in this Count paragraphs one through twelve.

14. Empire denies that the heater was improperly installed or was a cause of the fire; nevertheless, in the event that there is a finding in this action that negligent installation of the heater caused the fire, Empire asserts that Sharp Energy, Inc. is the responsible party, since Sharp Energy, Inc., through its agents, servants, and/or employees installed the heater and modified the heater in 1994.

15. In the event that both Empire and Sharp Energy, Inc. are found in this action to be tortfeasors whose conduct caused or contributed to the fire, then, pursuant to Maryland's

Uniform Contribution Among Joint Tort-Feasors Act, Empire is entitled to recover contribution from Sharp Energy, Inc.

    WHEREFORE, Defendant and Third-Party Plaintiff, Empire Comfort Systems, Inc. seeks a judgment against Sharp Energy, Inc. for contribution towards any judgment entered in favor of the Plaintiff, pursuant to the Maryland Uniform Contribution Among Joint Tort-Feasors Act.

                                                                                                   _____
James A. Rothschild
Anderson, Coe & King, L.L.P.
201 North Charles Street
Suite 200
Baltimore, Maryland 21201
(410) 752-1630

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this _____ day of June, 2003, a copy of the foregoing Third-Party Complaint was electronically mailed and/or mailed, first class mail, postage prepaid, to:

Thomas M. Wood, IV, Esquire
Neuberger, Qyinn, Gielen, Rubin & Gibber, P.A.
One South Street
27th Floor
Baltimore, Maryland 21202

Paul Bartolacci, Esquire
Cozen and O'Connor
The Atrium
1900 Market Street
Philadelphia, PA 19103
215 665-2001
fax (215) 665-2013

_____
James A. Rothschild