IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY | * | |
|     Plaintiff | * | |
| v. | * | |
| EMPIRE COMFORT SYSTEMS, INC. | * | Civil Action: WMN 03 CV 178 |
|     Defendant | * | |

* * * * * * * * * * *

| | |
|---|---|
| EMPIRE COMFORT SYSTEMS, INC. | * |
|     Third-Party Plaintiff | * |
| v. | * |
| SHARP ENERGY, INC. | * |
|     Third-Party Defendant | * |

* * * * * * * * * * * * * * * * * *

### REQUEST FOR PRODUCTION OF DOCUMENTS

**To:** **Selective Insurance Company as Subrogee of Smullens Salvage & Towing, Plaintiff**

**From: Sharp Energy, Inc., Third-Party Defendant**

Third-party defendant, by undersigned counsel, requests that plaintiff produce and permit third-party defendant and/or its representatives to inspect and copy, or cause to be copied by photostatic or other appropriate means, the particular documents in plaintiff's possession and/or plaintiff's custody or control as hereinafter set forth. Third-party defendant requests that such production, inspection and copying take place, within 30 days after service of this request, at the Law Office of Maher & Associates, 502 Washington Avenue, Suite 410, Towson, Maryland, 21204. Compliance with this request may be made by mailing copies of such documents to the

above-mentioned address within the period stated.

## **DEFINITIONS AND INSTRUCTIONS**

This request is subject to the following definitions and instructions.

A.   The word "Documents" is used in its broadest possible sense and means any writing or record of any type or description whatsoever, whether sent or received or not, and whether created by you or not, including, but not limited to, agreements, correspondence, letters, telegrams, cables, messages, tapes, files, photographs, interoffice communications, memoranda, reports, records, accounts, ledgers, journals, balance sheets, income statements, financial records, bills of sale, purchase orders, invoices, bills of lading, checks, receipts, minutes, minutes of meetings, instructions, specifications, notes, notations, work papers, notebooks, diaries, papers, appointment books, telephone logs, photocopies, plats, plans, drawings, sketches, maps, models, charts, surveys, blueprints, descriptions, motion pictures, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, interviews, statements or any other retrievable data (whether taped or coded, electrostatically, electromagnetically or otherwise) -- in your possession, custody or control or known to you--wherever located, however produced or reproduced, whether an original, copy or reproduction or facsimile (including, but not limited to, carbon, handwritten, typewritten, microfilmed, photostatic or xerographic copies), and including any non-identical copy (whether different from the original because of any alterations, notes, comments or other material contained thereon or attached thereto, or otherwise), regardless of its author or origin--together with any attachment thereto or enclosure therewith.

B.   "You" and "your" mean the plaintiff in this action, as well as the Plaintiff's employees, representatives or attorneys.

C.   "Plaintiffs" and "Plaintiff" mean Selective Insurance Company as subrogee of Smullens Salvage and Towing, the plaintiff in this action, and their agents, employees, representatives or attorneys.

D.   "Relate to," when used in connection with any request for a document or category of documents, means recording, summarizing, digesting, referring to, commenting upon, describing, consisting of, reporting, listing, analyzing, studying, evidencing or otherwise discussing in any way the subject matter identified in a request.

E.   "Communication" or "Communications" includes, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraphs, telex, cable, tape recording, or otherwise, and all written communication.

F.   The use herein of the words "and" and "or" shall include "and/or".

G.   The use herein of the singular shall include the plural and the use of the plural shall

include the singular, and reference to gender shall include masculine, feminine and/or neuter gender.

  H. The use of the words "person" or "persons" shall include individuals (including directors, officers, employees, representatives and agents), associations, partnerships, corporations and divisions of corporations.

  I. If privilege is asserted with respect to any document, please identify the document and state specifically the basis of the privilege.

## **REQUESTS**

  1. All written, recorded statements, or transcribed statements of these parties or of any agent of representative of these parties, relating to the subject matter of this action.

  2. All documents referred to or identified in the Complaint.

  3. All documents originated by you, your employees, agents or representatives, which refer or relate to this lawsuit or its issues in any way.

  4. All documents received by you, your employees, agents or representatives, which refer or relate to this lawsuit or its issues in any way.

  5. All written or recorded statements from any person, signed or unsigned, pertaining to the subject matter of this litigation.

  6. All documents, records or reports which refer or relate to any investigation, examination or inspection of the cause and circumstances of the occurrences alleged in the complaint.

  7. All documents, correspondence, memoranda or other written or recorded communications or tangible things which relate or refer to the matter at issue in this action, that are in your possession or control, or are in the possession or control of your agents, employees, or anyone acting on your behalf.

8. All documents relating to any release, settlement or other agreement, formal or informal, pursuant to which the liability of any person for any injury or damage arising out of the occurrence that is the subject of this action has been limited, reduced or released in any manner.

9. All photographs, videotapes or audio tapes, diagrams, surveys, or other graphic representations of information relating to the subject matter of this action, including but not limited to, plaintiff's alleged injuries and damages.

10. All documents that refer or relate to any injuries and/or damages of any nature suffered by Smullens Salvage and Towing during five (5) years immediately prior to the date of the occurrence alleged in the Complaint.

11. All statements, bills, estimates, receipts, financial records or other written material which evidence any and all costs or expenses incurred as a result of the occurrence referred to in your Complaint.

12. Reports and curriculum vitae of all experts who are expected to testify at the trial of this case, including but not limited to all documents referring to or relating to any findings or opinions of any person whom you intend to call as an expert witness at the trial of this action, which findings or opinions relate to any alleged act of negligence by any person, or other liability in connection with the allegations contained in the Complaint, or to your claim for damages.

13. All notes, diagrams, photographs or other documents prepared or reviewed in connection with their assignments in this case by all persons whom you expect to call as expert witnesses at trial.

14. All documents referring or relating to any admissions or statements made by any representative of the defendants relating to the allegations contained in your Complaint.

15. All documents referring or relating to or constituting communication between you and this third-party defendant.

16. All documents referring or relating to facts tending to support the allegations in your Complaint.

17. All transcripts or recordings of the testimony of any person or persons relating to the injuries and damages for which claim is being made in this action.

18. All documents referring or relating to any insurance coverage against which you have made a claim which provided any benefits or payments with respect to the injuries or damages allegedly sustained as a result of the occurrence described in your Complaint.

19. All documents referring or relating to any settlement, loan receipt, subrogation agreement, release, or similar agreement between you and any person or persons with respect to the allegations contained in your Complaint.

20. All documents referred to or identified in your responses to Interrogatories propounded by this or any other party.

21. All documents which you propose to introduce into evidence or rely upon at the hearing or trial of this case.

22. Copies of any claims made by Smullens Salvage and Towing Company prior to or subsequent to the date of loss alleged in your Complaint wherein you were the insurer.

                LAW OFFICE OF MAHER & ASSOCIATES

                <u>/s/ Patricia M. Maher</u>
                Patricia M. Maher
                502 Washington Avenue
                Suite 410 - Nottingham Centre
                Towson, MD   21204
                410-769-8100
                Attorney for Third-Party Defendant
                   Sharp Energy, Inc.