**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY, | : | |
| as subrogee of SMULLENS SALVAGE | : | |
| AND TOWING | : | CIVIL ACTION NO. |
| 40 Wantage Avenue | : | WMN 03 CV 178 |
| Branchville, NJ 07890 | : | |
| | : | |
| Plaintiff | : | JUDGE NICKERSON |
| | : | |
| v. | : | |
| | : | |
| EMPIRE COMFORT SYSTEMS | : | |
| 918 Freeburg Avenue | : | |
| Belleville, IL 62222 | : | |
| | : | JURY TRIAL DEMANDED |
| and | : | |
| | : | |
| BSH ELECTRODOMESTICOS | : | |
|  ESPANA, S.A. | : | |
| Itaroa, 1 | : | |
| Huarte-Pamplona ES | : | |
| | : | |
| Agent for Service: | : | |
| Secretaria General Tecnica | : | |
| Subdireccion de Cooperacion Juridica | : | |
|  Internacional | : | |
| Ministerio de Justicia | : | |
| San Barnardo, 45 | : | |
| 28015 Madrid, Spain | : | |
| | : | |
| Defendants | : | |
| _____ | : | |
| | : | |
| EMPIRE COMFORT SYSTEMS | : | |
| 918 Freeburg Avenue | : | |
| Belleville, IL  62222 | : | |
| | : | |
| Defendant/Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SHARP ENERGY, INC. | : | |
| 861 Silver Lake Boulevard | : | |
| Dover, Delaware 19901 | : | |

|                          |   |
|--------------------------|---|
| Third-Party Defendant    | : |
|                          | : |
|                          | : |

## AMENDED COMPLAINT – CIVIL ACTION

NOW COMES plaintiff, Selective Insurance Company, as subrogee of Smullens Salvage and Towing, and for its Amended Complaint against defendants, Empire Comfort Systems and BSH Electrodomesticos Espana, S.A. avers as follows:

### PARTIES

1.  Plaintiff, Selective Insurance Company, as subrogee of Smullens Salvage and Towing, (hereinafter, "Plaintiff" or "Selective"), is a New Jersey Corporation with a principal place of business located at 40 Wantage Avenue, Branchville, New Jersey 07891, and at all times relevant hereto, was licensed to issue policies of insurance in the State of Maryland.

2.  Plaintiff's insured, Smullens Salvage and Towing (hereinafter "Plaintiff's insured"), is an automobile salvage and towing business with a principal place of business located at 12570 Recycle Drive, Princess Anne, Maryland 21853.

3.  Defendant, Empire Comfort Systems (hereinafter "Defendant" or "Empire"), is a corporation duly organized and existing under the laws of the State of Illinois, with a principal place of business located at 918 Freeburg Avenue, Belleville, Illinois 62222, and at all times relevant hereto was engaged in the business of designing, manufacturing, distributing and/or selling heating products in the United States, including Maryland.

4.  Defendant, BSH Electrodomesticos Espana, S.A. (hereinafter "BSH") is a corporation headquartered in Huarte-Pamplona, Spain, and at all times relevant hereto was engaged in the business of designing, manufacturing, distributing and/or selling heating products in the United States, including Maryland. BSH is also the successor in interest and/or was formerly known as BYSE or Safel (Inelsa).

5.      At all times material hereto, defendant, BSH conducted business in the name of BYSE or Safel (Inelsa) and/or was the successor-in-interest to BYSE and/or Safel (Inelsa).

6.      The liability of defendant BSH in this matter is premised not only on its independent tortious conduct, breach of contract, misrepresentations and breach of warranty, but also based upon its status as the successor to BYSE and/or Safel (Inelsa) by virtue of its express or implied assumptions of any liabilities of the BYSE or Safel (Inelsa).

## JURISDICTION AND VENUE

7.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 as the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs of this action.

8.      Venue in this action is in the United States District Court for the District of Maryland pursuant to 28 U.S.C. §1391 as the claim arose in that district.

## FACTUAL ALLEGATIONS

9.      At all times relevant hereto, Selective provided insurance coverage to Smullens Salvage and Towing under policy of insurance no. S3208142, effective at the time of this loss, with respect to its insured's business and personal property, business interruption and extra expenses located at 12570 Recycle Drive, Princess Anne, Maryland 21853 (hereinafter "subject premises").

10.      Sometime prior to November 1, 2000, plaintiff's insured purchased an Empire Comfort Systems propane heater model CH-18 (hereinafter "subject heater"), that was designed, manufactured, assembled, supplied, sold and/or otherwise placed in the stream of commerce by defendants.

11.      At all times relevant hereto, the subject heater was installed and in use at the plaintiff's insured's property.

12. On or about November 1, 2000, a fire erupted at the plaintiff's insured's property that was caused by the subject heater.

13. Pursuant to the terms and conditions of the aforementioned insurance policy, Selective made payments to its insured for the damages it sustained as a result of the fire in an amount in excess of Three Hundred Thousand Dollars ($300,000.00).

14. In accordance with the common law principles of legal and equitable subrogation, Selective is subrogated to the rights of its insured with respect to the payments it made under the policy.

## COUNT I – NEGLIGENCE

15. Plaintiff incorporates the allegations set forth in paragraphs 1 through 14 above as though same were fully set forth herein at length.

16. The fire resulting in damage to plaintiff's insured's business and personal property was caused by the negligent, careless and reckless acts and/or omissions of defendants, their agents, servants and/or employees acting within the course and scope of their employment or agency, in that they:

(a) designed, manufactured, sold, distributed, supplied and/or otherwise placed into the stream of commerce a product designated as a zero clearance heater that was capable of causing a fire if so installed;

(b) failed to provide adequate, proper and safe instructions regarding in the proper installation of the heater;

(c) failed to properly test and inspect the heater to determine if the product would pose a risk of fire if installed as a zero clearance product; and

(e) failed to warn plaintiff of the fire hazards posed by the heater.

17. The defendants' negligence, carelessness and recklessness were the proximate cause of the damages sustained by plaintiff's insured.

WHEREFORE, plaintiff, Selective Insurance Company, as subrogee of Smullens Salvage and Towing, demands judgment in its favor against Defendants in an amount in excess of Three Hundred Thousand Dollars ($300,000.00), together with interest and costs of this action.

## COUNT II - STRICT LIABILITY

18. Plaintiff incorporates the allegations set forth in paragraphs 1 through 17 above as though same were fully set forth herein at length.

19. At the time the subject heater left the hands of the defendants, it was in a dangerous and defective condition.

20. At the time of the fire, the heater has not been substantially altered from the condition it was in at the time it left the hands of the defendants.

21. The heater designed, manufactured, supplied and/or sold by defendants was defective in design and/or formulation in that, when it left the hands of the defendants, the foreseeable risks of the heater exceeded the benefits associated with its design and/or formulation.

22. The heater designed, manufactured, supplied and/or sold by defendants was defective in design and/or formulation in that, when it left the hands of the defendants, it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner.

23. The heater designed, manufactured, supplied, and/or sold by defendants was defective when it left the hands of defendants because lacked adequate and necessary warnings and instructions.

24. Based upon the foregoing, defendants are strictly liable for plaintiff's damages.

WHEREFORE, plaintiff, Selective Insurance Company, as subrogee of Smullens Salvage and Towing, demands judgment in its favor and against Defendants, in an amount in excess of three Hundred Thousand Dollars ($300,000.00), together with interest and costs of this action.

## COUNT III - MISREPRESENTATION

25. Plaintiff incorporates the allegations set forth in paragraphs 1 through 24 above as though same were fully set forth herein at length

26. Defendants negligently, carelessly, intentionally, recklessly and fraudulently misrepresented to plaintiff's insured that the subject heater was a zero clearance product and that if so installed, would not pose a risk of fire.

27. Plaintiff's insured justifiably relied, to its detriment, on the material misrepresentations made by defendants.

28. Defendants' misrepresentations were the legal and proximate cause of the damages suffered by plaintiff's insured.

WHEREFORE, plaintiff, Selective Insurance Company, as subrogee of Smullens Salvage and Towing, demands judgment in its favor and against Defendants, in an amount in excess of three Hundred Thousand Dollars ($300,000.00), together with interest and costs of this action.

## COUNT IV – BREACH OF WARRANTY

29. Plaintiff incorporates the allegations set forth in paragraphs 1 through 28 above as though same were fully set forth herein at length.

30. In selling, supplying and/or distributing the subject heater, defendants impliedly warranted that the heater was merchantable and fit for its ordinary purpose.

31. Defendants breached their warranty because the heater was defective in design and lacked adequate and necessary warnings.

32. Defendants' breach of warranty was the legal proximate cause of the fire and plaintiff's insured's damages.

WHEREFORE, plaintiff, Selective Insurance Company, as subrogee of Smullens Salvage and Towing, demands judgment in its favor and against Defendants, in an amount in excess of three Hundred Thousand Dollars ($300,000.00), together with interest and costs of this action.

                                                                          _____
PAUL R. BARTOLACCI, ESQUIRE
GEORGIA S. FOERSTNER, ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

        and

THOMAS A. WOOD, IV, ESQUIRE
NEUBERGER, QUINN, GIELEN,
RUBIN & GIBBER, P.A.
One South Street
27th Floor
Baltimore, MD 21202
(410) 332-8523

Attorneys for Plaintiffs