## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SELECTIVE INSURANCE COMPANY,*
As subrogee of SMULLENS SALVAGE
AND TOWING,                        *

    Plaintiff                     *

v.                                 *    Civil Action No. WMN 03 CV 178

EMPIRE COMFORT SYSTEMS, INC.       *

    Defendant and Third-Party      *
    Plaintiff
                                *

        *    *    *    *    *    *    *

## ANSWER OF EMPIRE COMFORT SYSTEMS
## <u>TO AMENDED COMPLAINT</u>

Empire Comfort Systems (hereinafter "Empire") in answer to the Amended Complaint states as follows:

    1. Empire admits the allegation in paragraph 1.

    2. Empire admits the allegation in paragraph 2

    3. Empire admits the allegations in paragraph 3 except it denies it is in the business of designing and manufacturing heating products.

    4. Empire admits the allegations of paragraph 4 except it is without sufficient information to admit or deny the allegation that BSH was in the business of designing and manufacturing heating products in the United States.

5. Empire is without sufficient knowledge to admit or deny the allegations in paragraph 5.

6. Paragraph 6 does not contain any allegation of fact for which an answer needs to be provided.

7. Paragraph 7 does not contain any allegation of fact for which an answer needs to be provided.

8. Paragraph 8 does not contain any allegation of fact for which an answer needs to be provided.

9. Empire admits the allegations in paragraph 9.

10. Empire admits the allegations in paragraph 10.

11. Empire admits the allegations in paragraph 11.

12. Empire admits that a fire occurred on November 1, 2000 at the plaintiff's insured's property but denies the fire was caused by the subject heater.

13. Empire admits the allegations in paragraph 13.

14. Paragraph 14 does not contain any allegation of fact for which an answer needs to be provided.

15. Empire incorporates its responses set forth in paragraphs 1 through 14 as if the same were fully set forth herein.

16. Empire denies the allegations in paragraph 16.

17. Empire denies the allegations in paragraph 17.

18. Empire incorporates its responses set forth in paragraph 1 through 17 as if the same were fully set forth herein.

19. Empire denies the allegations in paragraph 19.

20. Empire denies the allegations in paragraph 20.

21. Empire denies the allegations in paragraph 21.

22. Empire denies the allegations in paragraph 22.

23. Empire denies the allegations in paragraph 23.

24. Empire denies the allegations in paragraph 24.

25. Empire incorporates its responses set forth in paragraphs 1 through 24 as if the same were fully set forth herein.

26. Empire denies the allegations in paragraph 26.

27. Empire denies the allegations in paragraph 27.

28. Empire denies the allegations in paragraph 28.

29. Empire incorporates responses set forth in paragraphs 1 through 28 as if the same were fully set forth herein.

30. Empire denies the allegations in paragraph 30

31. Empire denies the allegations in paragraph 31.

32. Empire denies the allegations in paragraph 32.

## DEFENSES

1. The Complaint fails to state claims upon which relief can be granted.

2. The causes of action are barred by the applicable statute of limitations.

3. Recovery is barred on the basis of contributory negligence.

4. Recovery is barred on the basis of assumption of risk.

5. The causes of action against Empire are barred by the "sealed container" defense set forth in Md. Code Ann., Cts & Jud. Proc. Sec. 5-404(2002).

6. The subject heater was neither defective nor unreasonably dangerous at the time it left Empire's possession.

7. The subject heater did not cause the fire.

8. The subject heater was designed, manufacturing and sold in accordance with existing standards, regulations, statutes and state-of-the-art existing at the time of said activities.

9. The subject heater was sold to a knowledgeable, sophisticated and informed buyer and Empire is not liable to the plaintiff for any alleged failure to warn.

10. Recovery is barred on the basis that the product underwent a substantial change and/or alteration by persons or parties beyond Empire's control.

11. Recovery is barred by misuse.

WHEREFORE, having answered Empire requests that the Amended Complaint be dismissed with costs assessed against Selective Insurance.

_____
James A. Rothschild
Anderson, Coe & King, L.L.P.
201 North Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 752-1630
***Attorney for Empire Comfort Systems, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of October, 2003, a copy of the foregoing Answer to Amended Complaint was electronically mailed and/or mailed, first class mail, postage prepaid, to:

Thomas M. Wood, IV, Esquire
Neuberger, Qyinn, Gielen, Rubin & Gibber, P.A.
One South Street
27th Floor
Baltimore, Maryland  21202

Paul Bartolacci, Esquire
Cozen and O'Connor
The Atrium
1900 Market Street
Philadelphia, PA  19103

Patricia Maher, Esquire
502 Washington Avenue
Suite 410
Towson, Maryland 21204

_____
James A. Rothschild