**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY, | : | |
| as subrogee of SMULLENS SALVAGE | : | |
| AND TOWING | : | CIVIL ACTION NO. |
| Plaintiff | : | WMN 03 CV 178 |
| | : | |
| v. | : | |
| | : | |
| EMPIRE COMFORT SYSTEMS | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant/Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SHARP ENERGY, INC. | : | |
| | : | |
| Third-Party Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND ORDER STAYING DISCOVERY**

**I.      BACKGROUND**

1.    This is a subrogation case involving a fire that occurred at the plaintiff's insured's salvage and towing company. Plaintiff alleges that a propane heater manufactured, designed and/or distributed by Empire Comfort Systems ("Empire) and/or BSH Electrodomesticos Espana, S.A. (BSH) caused the fire. BSH is a foreign company with its principle place of business located in Spain.

2.    On June 26, 2003, Empire filed an Amended Answer asserting the "sealed container" defense on the grounds that it was simply a supplier of the subject heater and not its designer or manufacturer.

3.    Based on the defenses asserted by Empire, plaintiff filed a motion for leave to file an amended complaint on August 14, 2003 in order to join BSH as a defendant to this action, which was granted by this Court.

4.      Since that time, plaintiff has attempted to perfect service of the Amended Complaint on BSH in Spain. Counsel for Empire, James Rothschild, Esq., informed plaintiff that he would be representing BSH if and when it was added as a party to this action. However, he refused to accept service of the Amended Complaint on behalf of BSH. Therefore, in order to expedite the addition of BSH as a party to this action, plaintiff, initially, asked BSH to waive service of summons pursuant to Fed. R.Civ.P. 4(d). This request was first made informally to counsel for defendant Empire, James Rothschild, Esq., as BSH's intended counsel. However, Mr. Rothschild advised plaintiff that BSH would not agree to waive service. Plaintiff then sent a formal request to waive service to BSH in Spain, which was again refused.

5.      Based on the series of three (3) separate refusals by BSH to be served with the Amended Complaint in a timely and cost effective manner, plaintiff initiated the process to serve the Amended Complaint on BSH under The Hague Convention. Plaintiff retained APS International, Ltd., a company specializing in foreign service, to assist it in this regard. While that process was pending, the defendant Empire continued to request dates on which to conduct certain depositions of plaintiff's witnesses and, anticipating that BSH would soon be added to the action, tentative dates were set for December 10 and 17, 2003. However, plaintiff has been advised by APS that it will take from six months to a year to perfect service on BSH.

6.      Given that it will be some months before BSH is added as a party to this action, the parties will not be able to comply with the current discovery and expert disclosure deadlines in the Scheduling Order. Fact discovery is to be completed by January 15, 2004. Plaintiff's expert disclosures are due February 15, 2004. Moreover, this delay creates a risk that plaintiff's witnesses will be deposed twice, once by Empire and potentially again by BSH when it is added as a party. Although Mr. Rothschild has said that he will be representing BSH in this action, at this point in the litigation, he has no authority to do anything that will bind BSH. Also, there is a high probability that he will not, in fact, represent BSH as there is an inherent conflict created by

Mr. Rothchild's dual representation of both Empire and BSH.  Given Empire's assertion of the "sealed container" defense, Empire has directly conflicting interests to BSH in this action, which interests may be jeopardized if Mr. Rothschild represents both companies.  Therefore, it is likely that BSH will have to retain separate counsel to defend it in this action, which, in turn, may result in the re-deposition of witnesses. While Empire and BSH may waive this conflict, plaintiff has not seen any evidence to date that each party will do so.

7.	Given the foregoing situation, on December 1, 2003, plaintiff advised defendants that it was not agreeable to proceeding with the tentative depositions on December 10 and 17, 2003, but rather, was going to move the Court to stay discovery until BSH is added as a party to the action.  (See correspondence from Paul R. Bartolacci, Esq. dated December 1, 2003, Exhibit "1".)

8.	Defendant Empire responded by issuing Notices of Deposition for December 10 and 17, 2003 and threatening sanctions if plaintiff failed to comply with such notices.  (See correspondence from James Rothschild, Exhibit "2".)

9.	On December 3, 2003, counsel for plaintiff sent another letter to defendant explaining its position and also participated in a telephone conference with Mr. Rothschild to discuss and try to resolve these issues.  (See correspondence from Paul R. Bartolacci dated December 3, 2003, Exhibit "3" and L.R. 104.7 Certification, Exhibit "4".)  The parties were unable to reach a resolution and, therefore, plaintiff now moves this Honorable Court to prevent the depositions from going forward on December 10 and 17, 2003 and to enter an Order staying discovery in this action until BSH is added as a party and has made an appearance in the action.

## II.    LAW AND ARGUMENT

**PURSUANT TO FED.R.CIV.P. 26(c), PLAINTIFF IS ENTITLED TO A PROTECTIVE ORDER AND ORDER STAYING DISCOVERY UNTIL BSH IS SERVED WITH THE AMENDED COMPLAINT AND ADDED AS A PARTY TO THE ACTION.**

Fed.R.Civ.P. 26(c) states, in pertinent part:

> Upon motion by a party . . . from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . .

In order to avoid undue expense and duplication of time, expense and effort by both the parties and witnesses, justice requires that an Order be entered adjourning the depositions noticed by defendant for December 10 and 17, 2003 and staying discovery in this matter until BSH is made a party-defendant to the action. As explained above, due to the potential conflict presented by Mr. Rothschild's dual representation of defendant Empire and BSH, it is likely that BSH will have to retain its own counsel when added as a party to this action. Because BSH has refused to waive service of the summons, plaintiff has no choice but to serve BSH through the Hague Convention which, through no fault of plaintiff, takes from six months to a year to accomplish.

Given the foregoing situation, plaintiff is constrained from conducting the discovery it needs to complete before producing its expert reports, which are due on February 15, 2004, and also runs the risk of having to produce its witnesses twice for deposition. It is most prudent for all parties concerned to wait until BSH is added as a party to this action and has made an appearance to conduct discovery, especially depositions, so that duplication of time, expense and effort may be avoided. The requested postponement and stay will not prejudice the defendants, rather it is the plaintiff who will be prejudiced if such depositions are allowed to go forward and the current dates in the Scheduling Order are not stayed.

For the foregoing reasons, plaintiff respectfully requests that this Court enter an Order postponing the depositions noticed for December 10 and 17, 2003 and staying discovery until

BSH is added as a party to this action. Plaintiff also requests that this Court conduct a telephone conference to discuss these issues.

        Respectfully submitted,

        /s Paul R. Bartolacci
        PAUL R. BARTOLACCI, ESQUIRE
        GEORGIA S. FOERSTNER, ESQUIRE
        COZEN O'CONNOR
        1900 Market Street
        Philadelphia, PA 19103
        (215) 665-2000

            and

        THOMAS M. WOOD, IV, ESQUIRE
        NEUBERGER, QUINN, GIELEN,
        RUBIN & GIBBER, P.A.
        One South Street
        27th Floor
        Baltimore, MD 21202
        (410) 332-8523
        *Attorneys for Plaintiff*