## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SELECTIVE INSURANCE COMPANY,*
As subrogee of SMULLENS SALVAGE
AND TOWING,                           *

     Plaintiff,                      *

v.                                    *

EMPIRE COMFORT SYSTEMS, INC. *      Civil Action No. WMN 03 CV 178

     Defendant and Third-Party        *
     Plaintiff,
                                      *

v.                                    *

                                      *
SHARP ENERGY, INC.
                                      *
     Third-Party Defendant.
                                      *

       *     *     *     *     *     *     *

## EMPIRE COMFORT SYSTEMS' OPPOSITION TO
## PLAINTIFF'S MOTION FOR PROTECTIVE
## ORDER AND ORDER STAYING DISCOVERY

### INTRODUCTION

Selective Insurance Company as subrogee of Smullens Salvage and Towing

("Selective Insurance") has requested this Court to issue a Protective Order preventing

Defendant Empire Comfort Systems ("Empire") from deposing fact witnesses on December

10 and December 17, 2003, and to stay all discovery until an additional defendant has been

served with the Amended Complaint.  Empire did not proceed with the scheduled December

10, 2003 deposition of Randy Moore, a Selective Insurance employee, and will not proceed with the December 17, 2003 scheduled deposition of Grace Smullens, an eyewitness to the occurrence, until this Court decides Selective Insurance's Motion for a Stay of all Discovery. Empire does not believe good grounds exists for the unusual request to stay all discovery and opposes plaintiff's request.

### FACTUAL BACKGROUND

On November 1, 2000, a fire occurred in a building owed by Smullens Salvage and Towing ("Smullens") and being used by Smullens as an office and used auto parts store. The building and its contents were insured by Selective Insurance.  On January 21, 2003, Selective Insurance filed a Complaint against Empire alleging that a propane heater, designed, manufactured and/or distributed by Empire, caused the fire.  Selective Insurance knew at that time, and had known since 2001, that the propane heater had been manufactured by BSH Electrodomestico Espana, S.A. ("BSH"), then known as BYSE, a Spanish company. See attached, as **Exhibit 1**, a July 11, 2001 letter from Georgia Foerstner Stanaitis, plaintiff's counsel, concerning an inspection of the heater.

On June 25, 2003, this Court also granted Empire's Motion to File an Amended Answer.  Empire, thereafter, amended its answer and pled the "sealed container defense." On August 14, 2003, Selective Insurance filed a motion to add BSH as an additional defendant, which request was granted on August 19 2003.

**EFFORTS TO TAKE DISCOVERY**

In April 2003, Empire's counsel wrote to Selective Insurance's counsel requesting dates to take depositions of persons identified as fact witnesses.  **Exhibit 2**.  In May 2003, Selective Insurance filed answers to Empire's discovery and identified four persons who were eyewitnesses to the fire – William and Grace Smullens, their daughter, Nadine Cameroon, and their son-in-law, Kenneth Cameroon.  When no dates were furnished for these witnesses depositions, Empire, on June 6, 2003, again wrote and requested deposition dates.  **Exhibit 3**.  Again, having not received a response, on August 1, 2003, Empire's counsel again wrote to Selective Insurance counsel requesting dates for the fact witness depositions in September 2003.  **Exhibit 4**.

Arrangements were made for the deposition of William Smullens which was taken on September 25, 2003.  Plaintiff promised to provide dates for the depositions of Grace Smullens, Nadine Cameroon and Kenneth Cameroon, and the deposition of Randy Moore, the Selective Insurance adjuster.  Thereafter, counsel cleared the dates of December 10, 2003 and December 17, 2003 for these depositions.

Prior to the deposition of William Smullens, Selective Insurance had raised the issue of whether Mr. Smullens would have to be deposed again after BHS had been served.  Empire' counsel told Selective Insurance that he would also be representing BHS and that BHS would not seek to redepose any witnesses.

Notwithstanding this agreement, Selective Insurance sent a letter canceling the December, 2003 depositions.  Selective Insurance stated that it was doing so because there

was a risk that the witnesses could be redeposed after BSH was served.  Selective Insurance

stated it would only go forward with the witness depositions if BSH agreed to waive service

of process or authorize undersigned counsel to accept service on its behalf.

In a telephone call with Selective Insurance counsel, prior to the motion to stay being

filed, counsel for Empire again reiterated that he would also be representing BSH and there

would be no effort by BSH to redeposed fact witnesses.  He also stated he was agreeable to

asking the Court to modify the current Scheduling Order so that fact discovery and expert

discovery would be kept opened for a period of time after BSH was served.

### DISCUSSION

Selective Insurance seeks to have this Court take the unusual step of staying all

discovery in this case until an additional defendant is served with an Amended Complaint.

This Court should deny the request.

Selective Insurance's request to stay all discovery is simply an effort to coerce BSH

into waving its right to be served with the Amended Complaint.  The stated reason, to avoid

the risk of having fact witnesses be redeposed, is not well taken.  Undersigned counsel has

already represented to Selective Insurance that he will also be representing BSH and will not

seek to redepose the fact witnesses.  Selective Insurance's theory that there might be a

conflict between Empire and BHS that would require separate counsel is unpersuasive.

BHS and  Empire have agreed to have undersigned counsel represent them.

Nor can Selective Insurance be heard to complain about the delay in serving BSH. Selective Insurance has been aware of BSH for over two years and could have made it a defendant in the original Complaint.

The fire in this case occurred over three years ago.  Empire has been seeking since April to take fact witness depositions.  Selective Insurance finally provided dates for witness depositions and then abruptly cancel them.  There is no good reason why the fact witness depositions should be stayed.  Nor is there any reason why all discovery should be stayed. Selective Insurance has been requested to provide photographs of the fire scene from Ken McLaughlin, additional financial documents from the Smullens, and negatives of photographs.  A stay would allow Selective Insurance to further delay producing these documents.

Empire is agreeable to having the present Scheduling Order modified so that the time for fact discovery and expert discovery is extend for period of time beyond when BSH is served.

Respectfully submitted,

_____
James A. Rothschild
Anderson, Coe & King, L.L.P.
201 North Charles Street, Suite 200
Baltimore, Maryland 21201
(410) 752-1630
*Attorney for Empire Comfort Systems, Inc.*