**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY, | : | |
| as subrogee of SMULLENS SALVAGE | : | |
| AND TOWING | : | CIVIL ACTION NO. |
| Plaintiff | : | WMN 03 CV 178 |
| | : | |
| v. | : | |
| | : | |
| EMPIRE COMFORT SYSTEMS | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant/Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SHARP ENERGY, INC. | : | |
| | : | |
| Third-Party Defendant | : | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND ORDER STAYING DISCOVERY**

NOW COMES Plaintiff, Selective Insurance Company, as subrogee of Smullens Salvage and Towing, by and through its undersigned counsel, and hereby submits its Reply Brief in response to defendant Empire Comfort System's Opposition to Plaintiff's Motion for Protective Order and Order Staying Discovery. This Reply is necessary in order to clarify certain issues raised in defendant's opposition papers.

First, contrary to defendant's assertions, plaintiff's motion was not filed in order to coerce BSH into waiving its right to be served with the Amended Complaint. Due to the potential conflict posed by Mr. Rothschild's dual representation of Empire and BSH, and no assurances that BSH will in fact retain Mr. Rothschild, will not seek to add additional parties to this action and/or redepose witnesses, there is a real risk that plaintiff's witnesses will have to be deposed twice.

Second, the requested stay of discovery is not necessitated by an alleged delay on the part of plaintiff to assert a claim against BSH or serve BSH with its Amended Complaint. Although

plaintiff was aware that a company named BSH existed two years ago, from the outset of this case, the documents reviewed by plaintiff prior to filing its Complaint indicated that Empire Comfort Systems was the designer, manufacturer and distributor of the subject heater.  Indeed, the heater's Installation and Owner's Guide is published under the name of "Empire Comfort Systems," not BSH, and Empire Comfort System's website touts itself as having "manufactured gas-fire heating equipment since its origin," including the subject heater.  (See Installation instructed attached as Exhibit "A" and website printout attached as Exhibit "B".)  Therefore, when plaintiff filed its Complaint, it saw no need to sue any other party with respect to the design and manufacture of the heater.  It was only when Empire Comfort Systems filed an Amended Answer asserting the sealed container defense that such a need arose.  Since that time, plaintiff has timely filed its Amended Complaint and worked on serving it on BSH.  The only reason why there is a delay in effecting service on BSH is because BSH refuses to waive service, and service under the Hague takes from six to twelve months.  Without cooperation from BSH, plaintiff is powerless to serve its Amended Complaint any faster.

     Third, plaintiff has not attempted to thwart the discovery process in the case, nor have defendant's deposition requests been ignored, as implied in defendant's opposition brief.  The parties initially discussed scheduling depositions back in June 2003, but both parties agreed to adjourn those depositions until after Empire joined Sharp Energy as a third-party defendant and Sharp Energy entered an appearance.  This was done to avoid duplicative depositions.  The deposition of William Smullens was finally taken on September 25, 2003 because Mr. Smullens was scheduled to undergo long-term medical treatment.  Because of this treatment, plaintiff could not guarantee if and when Mr. Smullens would be available again for deposition and, therefore, plaintiff agreed to produce him prior to his admission to the hospital.

     As for plaintiff's request to stay discovery, plaintiff's request is directed primarily toward depositions and the production of expert reports; plaintiff does not see a need to stay written discovery and, therefore, is agreeable to continue to participate in written discovery and the

exchange of documents.  Plaintiff's concern is to avoid the potential for duplicative depositions, which risk exists until BSH is added as a party to this action.

        Respectfully submitted,

/s Paul R. Bartolacci
PAUL R. BARTOLACCI, ESQUIRE
GEORGIA S. FOERSTNER, ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2001

    and

THOMAS M. WOOD, IV, ESQUIRE
NEUBERGER, QUINN, GIELEN,
RUBIN & GIBBER, P.A.
One South Street
27th Floor
Baltimore, MD 21202
(410) 332-8523
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 18, 2003, a copy of the foregoing Reply Brief in Support of Plaintiff's Motion for Protective Order and Order Staying Discovery was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                           s/ Paul R. Bartolacci
                                        PAUL R. BARTOLACCI, ESQUIRE
                                        COZEN O'CONNOR
                                        1900 Market Street
                                        Philadelphia, PA 19103
                                        (215) 665-2001