IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
SELECTIVE INSURANCE COMPANY,     :
as subrogee of SMULLENS SALVAGE  :
AND TOWING                       :
                                 :
v.                               :   Civil Action WMN-03-178
                                 :
EMPIRE COMFORT SYSTEMS, INC.     :
                                 :
v.                               :
                                 :
SHARP ENERGY, INC.               :
                                 :
```

**MEMORANDUM**

Before the Court is Plaintiff's Motion For Protective
Order and Order Staying Discovery.  Paper No. 40.  The motion
has been fully briefed and is ripe for decision.  Upon a
review of the motion and the applicable case law, the Court
determines that no hearing is necessary, Local Rule 105.6, and
that Plaintiff's motion will be granted.

This case arises from a fire that occurred at Plaintiff's
insured's salvage and towing company.  The fire is alleged to
have been caused by a propane heater manufactured, designed
and/or distributed by Empire Comfort Systems ("Empire") and/or
BSH Electrodomesticos Espana, S.A. ("BSH").  Plaintiff filed
the original complaint solely against Empire in January of
2003.  Empire's assertion of the sealed container defense in
its amended answer in June of 2003, prompted Plaintiff to file

1

an amended complaint on August 14, 2003, naming BSH as an
additional defendant.  Since that time, Plaintiff has been
unable to perfect service of the amended complaint on BSH in
Spain.  Counsel for Empire, James Rothschild, informed
Plaintiff that he will be representing BSH, but has thus far
refused to accept service on BSH's behalf, nor has BSH agreed
to waive service.  As a result, Plaintiff has initiated
service of process on BSH under the Hague Convention, which it
expects to take from six months to one year.

Plaintiff now objects to making its witnesses available
for previously set depositions by Empire when it anticipates
that BSH may also want to depose those same witnesses once BSH
is added as a party.  Plaintiff further states that the
parties will not be able to comply with the current discovery
deadlines due to the delay expected in serving BSH.
Accordingly, Plaintiff requests that all depositions be
postponed and discovery stayed until BSH is added as a party
to the action.

Defendant responds that Empire and BSH have agreed that
Mr. Rothschild will be representing both of them in this
action and that Mr. Rothschild has stated to counsel for
Plaintiff that he will not seek to redepose Plaintiff's fact
witnesses.  Plaintiff contends that Empire's assertion of the

sealed container defense creates a conflict of interest which may require BSH to retain separate counsel.  Defendant disputes that there is any inherent conflict between Empire and BSH requiring that they retain separate counsel. Defendant agrees, however, that the Scheduling Order should be modified to extend the time for fact and expert discovery for a period of time beyond when BSH is served, but otherwise opposes Plaintiff's proposed stay of discovery.

Whether or not any conflict of interest will keep Mr. Rothschild from representing BSH in the future, the pleadings show that he has thus far not demonstrated any current ability to make legally binding representations on BSH's behalf.  The Court is therefore persuaded that Plaintiff has a valid concern that BSH may request a second round of depositions after eventual service with process.  In the interests of avoiding such duplicative depositions, all depositions will be stayed until a reasonable time after BSH is added as a party. Due to the additional constraints faced by Plaintiff in conducting factual discovery with BSH, the deadline for production of expert reports will also be stayed until a reasonable time after BSH is added as a party.[1]  In the

---

[1]Parties should contact chambers once service is perfected to establish an amended discovery schedule.

meantime, current parties shall remain free to continue to
participate in written discovery and the exchange of

documents and photographs.  A separate order will issue.

                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge


Dated: January 6, 2004.