# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY,<br>As subrogee of SMULLENS SALVAGE<br>AND TOWING, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN 03 CV 178 |
| EMPIRE COMFORT SYSTEMS, INC. | * | |
| Defendant and Third-Party<br>Plaintiff | * | |
| | * | |

\* \* \* \* \* \* \*

## ANSWER OF BSH ELECTRODOMESTICOS ESPANA, S.A.
## TO AMENDED COMPLAINT

BSH Electrodomesticos Espana, S.A. (hereinafter "BSH"), by James A. Rothschild and Gregory L. VanGeison, its attorneys, in answer to the Amended Complaint states as follows:

1. BSH admits the allegation in paragraph 1.

2. BSH admits the allegation in paragraph 2

3. BSH admits the allegations in paragraph 3 except it is without knowledge to admit or deny that Empire Comfort Systems ("Empire") was in the business of designing and manufacturing heating products.

4. BSH admits the allegations of paragraph 4.

5. BSH is without sufficient knowledge to admit or deny the allegations in paragraph 5.

6. BSH denies the allegation of paragraph 6.

7. Paragraph 7 does not contain any allegation of fact for which an answer needs to be provided.

8. Paragraph 8 does not contain any allegation of fact for which an answer needs to be provided.

9. BSH admits the allegations in paragraph 9.

10. BSH admits the allegations in paragraph 10.

11. BSH admits the allegations in paragraph 11.

12. BSH admits that a fire occurred on November 1, 2000 at the plaintiff's insured's property but denies the fire was caused by the subject heater.

13. BSH admits the allegations in paragraph 13.

14. Paragraph 14 does not contain any allegation of fact for which an answer needs to be provided.

15. BSH incorporates its responses set forth in paragraphs 1 through 14 as if the same were fully set forth herein.

16. BSH denies the allegations in paragraph 16.

17. BSH denies the allegations in paragraph 17.

18. BSH incorporates its responses set forth in paragraph 1 through 17 as if the same were fully set forth herein.

19. BSH denies the allegations in paragraph 19.

20. BSH denies the allegations in paragraph 20.

21. BSH denies the allegations in paragraph 21.

22. BSH denies the allegations in paragraph 22.

23. BSH denies the allegations in paragraph 23.

24. BSH denies the allegations in paragraph 24.

25. BSH incorporates its responses set forth in paragraphs 1 through 24 as if the same were fully set forth herein.

26. BSH denies the allegations in paragraph 26.

27. BSH denies the allegations in paragraph 27.

28. BSH denies the allegations in paragraph 28.

29. BSH incorporates responses set forth in paragraphs 1 through 28 as if the same were fully set forth herein.

30. BSH denies the allegations in paragraph 30

31. BSH denies the allegations in paragraph 31.

32. BSH denies the allegations in paragraph 32.

## **DEFENSES**

1. The Complaint fails to state claims upon which relief can be granted.

2. The causes of action are barred by the applicable statute of limitations.

3. Recovery is barred on the basis of contributory negligence.

4. Recovery is barred on the basis of assumption of risk.

5. The subject heater was neither defective nor unreasonably dangerous at the time it left BSH's possession.

6. The subject heater did not cause the fire.

7. The subject heater was designed, manufacturing and sold in accordance with existing standards, regulations, statutes and state-of-the-art existing at the time of said activities.

8. The subject heater was sold to a knowledgeable, sophisticated and informed buyer and BSH is not liable to the plaintiff for any alleged failure to warn.

9. Recovery is barred on the basis that the product underwent a substantial change and/or alteration by persons or parties beyond BSH's control.

11. Recovery is barred by misuse.

WHEREFORE, having answered BSH requests that the Amended Complaint be dismissed with costs assessed against Selective Insurance.

_____
James A. Rothschild
Gregory L. VanGeison
Anderson, Coe & King, L.L.P.
201 North Charles Street, Suite 2000
Baltimore, Maryland 21201
(410) 752-1630
*Attorney for BSH Electrodomesticos Espana, S.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this   10th   day of November, 2004 a copy of the foregoing Answer to Amended Complaint was electronically mailed and/or mailed, first class mail, postage prepaid, to:

Thomas M. Wood, IV, Esquire
Neuberger, Qyinn, Gielen, Rubin & Gibber, P.A.
One South Street
27th Floor
Baltimore, Maryland  21202

Paul Bartolacci, Esquire
Cozen and O'Connor
The Atrium
1900 Market Street
Philadelphia, PA  19103

Patricia Maher, Esquire
502 Washington Avenue
Suite 410
Towson, Maryland 21204

_____
James A. Rothschild