UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**PAUL W. GRIMM**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-4560**
**(410) 962-3630 FAX**

November 29, 2005

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

RE:   Selective Insurance Company v. Empire Comfort Systems
      Civil Action No.:   WMN-03-0178

Dear Counsel:

    Please be advised that a settlement conference in the above-entitled case has been set for Thursday, February 23, 2006 **from 9:30 a.m. to 1:30 p.m.** and will be held in my chambers (Room 8B). The conference must be limited to four hours because I am also responsible for criminal proceedings that day.

**PLEASE NOTE**: It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with complete authority to enter into a binding settlement, be present in person. A person with "complete authority" is someone who has the experience and judgment to exercise that authority *without having to consult with anyone who is not in attendance at the settlement conference*.[1] Attendance by the attorney for a party is not sufficient. Please also be advised that the conference may take the entire day, therefore, all those in attendance should plan accordingly.

    No later than Thursday, February 9, 2006, I would like to receive by regular mail, **not electronically,** a short ex parte letter from each party candidly setting forth the following:

    (1)    facts you believe you can prove at trial;

    (2)    the major weaknesses in each side's case, both factual and legal;

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner.

Selective v. Empire
Civil Action No. : WMN-03-0178
November 29, 2005

      (3)    an evaluation of the maximum and minimum damage awards you believe likely;

      (4)    the history of any settlement negotiations to date; and

      (5)    estimate of attorneys' fees and costs of litigation through trial.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. See 28 U.S.C.§ 652(d). If you wish me to review any deposition excerpts or exhibits, please attach a copy to your letter. For attachments which are more than two pages in length (particularly deposition excerpts) please highlight the portions which you want me to review. I also will review the pleadings in the court file. Additionally, if you wish for me to review any case authorities which you believe are critical to your evaluation of the case, please identify them.

**As noted, this settlement conference has been scheduled during a week in which I will be handling the criminal docket, which means that it must be limited in duration, and I may be required to be on the bench for short periods of time during our scheduled settlement conference. During these anticipated short periods, I expect the parties to be able to continue any negotiations and to work together productively. To help facilitate this process, the parties should consider exchanging copies of their settlement letters - redacting any information intended only for the Court's review - at least five (5) days before the scheduled settlement conference. In addition, the parties should have exchanged demands and responses prior to the conference.**

Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has recently issued a Formal Opinion (No. 93-370) which precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT,** from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

Despite the informal nature of this letter it will constitute an order of the Court and will be docketed accordingly.

                                        Very truly yours,

                                        /S/
                                    Paul W. Grimm
                                    United States Magistrate Judge

cc:    Judge Nickerson
        Court File