## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY, * | |
| As subrogee of SMULLENS SALVAGE | |
| AND TOWING,                    * | |
| | |
|     **Plaintiff**             * | |
| | |
| **v.**                          * | |
| | |
| EMPIRE COMFORT SYSTEMS, INC.,   * | Civil Action No. WMN 03 CV 178 |
|  et al., | |
| | |
|     **Defendants and Third-Party**    * | |
|     **Plaintiff,** | |
| | |
| **v.**                          * | |
| | |
| SHARP ENERGY, INC.              * | |
| | |
|     **Third-Party Defendant.**       * | |

*    *    *    *    *    *    *

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
### MOTION TO AMEND SCHEDULING ORDER

NOW COMES Plaintiff, Selective Insurance Company, as subrogee of Smullens Salvage

and Towing, and hereby opposes Defendants, Empire and  BSH Electrodomesticos Espana,

S.A.'s, and Third-Party Defendant, Sharp Energy, Inc.'s Motion to Amend Scheduling Order

filed on May 31, 2006 for the following reasons:

1.      This case has been pending since January 2003.  The original Scheduling Order,

entered by the Court on February 27, 2003, has seen a number of extensions due to the joint

requests of the parties.

2.      The last joint request to extend the Scheduling Order was made by the parties on

September 29, 2005.  This request was coupled with a request to refer this case to mediation

before Judge Grimm.  Importantly, at the time the request was made, the parties had completed

fact discovery and exchanged all expert reports in accordance with previously set deadlines.

Hence, the September 29, 2005 request to extend deadlines pertained only to the expert

deposition deadline, request for admission deadline and dispositive motion deadline. (See

Consent Motion, docket entry 54.)  Moreover, the sole purpose for extending those deadlines

was to afford the parties an opportunity to mediate the case with the hope that the case would

settle and the parties would avoid incurring the costs associated with expert depositions and trial.

3.      The parties mediated the case on February 23, 2006 before Judge Grimm without

success.

4.      Thereafter, on March 3, 2006, this Court issued an Amended Scheduling Order,

which set forth new dates for the case that no longer applied, *e.g.*,  joint request for early

settlement, report regarding deposition hours, consent to magistrate, joinder of parties, expert

disclosure deadline, as the case had already progressed to the point where the parties had

completed fact discovery and exchanged expert reports.  (See Amended Scheduling Order,

docket entry 61.)  As of September 2005, the only matters that remained to be completed were

expert depositions, requests for admissions, dispositive motions and trial.

5.      Defendants are now trying to use the Amended Scheduling Order, which was

clearly an aberration, as an opportunity to reopen discovery and interject new expert opinions

into the case.  At the same time, defendants have requested that plaintiff produce its experts for

deposition, notwithstanding that they wish and intend to produce additional expert reports.

6.      As explained to defense counsel in correspondence dated May 31, 2006, attached

hereto as Exhibit "A," plaintiff objects to defendants' current attempt to reopen discovery and

interject new expert opinions into the case.  This case was mediated based upon the expert

opinions that were disclosed last year.  During mediation, plaintiff engaged in a frank discussion

regarding the relative strengths and weaknesses of the parties' cases, based upon the expert

information previously exchanged, with the hope of settling the case. Possessed with the

information disclosed by plaintiff during mediation regarding the potential weaknesses of

defendants' case, defendants are now attempting to shore up their case by conducting more

discovery and drumming up new expert opinions, when they know full well that the dates in the

Amended Scheduling Order simply could not rationally apply to this case given that most pre-

trial matters within the Amended Order were already completed.

7.     The defendants have had more than enough time to complete discovery in this

matter and develop their expert opinions. The evidence that the defendants seek to inspect is

evidence that was recovered from the fire scene right after the fire and was already made

available to defendants' experts for their inspection. Indeed, that inspection occurred in 2001,

before suit was even filed. In addition, that evidence has been available for defendants' re-

inspection throughout this litigation, but not once have the defendants asked to re-inspect it.

Their request comes only months after expert reports have been exchanged and the case has been

mediated. It is clear from their request that defendants' experts intend to deviate from or add to

their earlier opinions. Yet, at the same time, defendants are demanding that plaintiff produce its

experts for deposition.

8.     It is plaintiff's position that the time to inspect the evidence and produce expert

reports has passed, per the prior Scheduling Orders of this Court. The defendants cannot dispute

that as of September 2005, when the parties requested an extension to mediate the case, the only

remaining items to be completed in the case were expert depositions, dispositive motions and

trial. Plaintiff opposes defendants' effort to reopen discovery and interject new expert reports at

this stage of the litigation.

9.    In addition, plaintiff objects to producing its expert for deposition before defendants have disclosed all of their expert opinions in the case.  The parties have always contemplated conducting expert depositions after the exchange of expert reports.  (See Status Report at docket entry 48 and paperless order approving proposed discovery schedule at docket entry 49.)  Should this Court grant defendants' motion, plaintiff requests that any new Scheduling Order reflect that expert depositions are to proceed after all expert reports have been exchanged between the parties.

For all of the foregoing reasons, plaintiff respectfully requests that defendants' motion be denied, and/or that any new Scheduling Order reflect that expert depositions are to proceed after all expert reports have been exchanged between the parties.

Respectfully submitted,


_____s/ Georgia S. Foerstner_____
GEORGIA S. FOERSTNER, ESQUIRE
PAUL R. BARTOLACCI, ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

and

THOMAS A. WOOD, IV, ESQUIRE
NEUBERGER, QUINN, GIELEN,
RUBIN & GIBBER, P.A.
One South Street
27th Floor
Baltimore, MD 21202
(410) 332-8523

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2006, a copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion to Amend Scheduling Order was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

COZEN O'CONNOR

s/ Georgia S. Foerstner
Georgia S. Foerstner