

COZEN
O'CONNOR
ATTORNEYS

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

May 31, 2006

**Georgia S. Foerstner**
Direct Phone  215.665.4740
Direct Fax     215.701.2440
gfoerstner@cozen.com

James A. Rothschild, Esq.
Anderson, Coe & King, LLP
201 North Charles Street
Suite 2000
Baltimore, MD 21201-4135

Re:   *Selective Insurance Company, as subrogee of Smullens Salvage v. Empire Comfort Systems, et al.*
      Civil Action No. WMN 03-CV-178
      Our File No. 108703

Dear Jim:

      We have reviewed the Consent Motion to Amend Scheduling Order that you forwarded today and are not agreeable to same for several reasons. The deadlines for completing fact discovery and producing expert reports have passed. The parties exchanged expert reports back in 2005. In September 2005, the parties moved to extend the remaining deadlines in the Scheduling Order, which were limited to the expert deposition deadline, the request for admission deadline and dispositive motion deadline, solely for the purpose of conducting a mediation to avoid the costs associated with expert depositions. After the mediation, the Court, obviously mistaken about the status of the case, entered an entirely new Amended Scheduling Order in error. During our telephone conference last week, you acknowledged that the Court obviously entered this in error and that all that was left for us to do was complete expert depositions and then advise the Court when we were ready for trial. However, now you are seeking to take advantage of that error and reopen discovery in an effort to introduce new expert opinions in this case.

      It is plaintiffs' position that the time for conducting fact discovery and exchanging expert reports has passed. The only remaining discovery to be completed is expert depositions. Apparently, you agree with this position as you have requested dates on which to depose plaintiffs' experts. What's more, the evidence that you seek to examine is not new to your experts, as implied in your consent motion, but was produced for inspection by your experts four years ago when we conducted a joint examination of all evidence prior to filing suit. This evidence has been available throughout this litigation for your expert's inspection if they so

James A. Rothschild, Esq.
May 31, 2006
Page 2

_____

desired. Plaintiffs do not agree to the consent motion you have drafted, or to the reopening of discovery so that your experts may inspect evidence that has been available to them for years or to the production of additional expert reports. The only matters that remain to be completed in this case are expert depositions and trial.

In that regard, Messrs. Bartolacci and McLauchlan are available for deposition on June 22, 2006. However, we will not produce Mr. McLauchlan for deposition on that date if you intend to ask the Court to reopen fact discovery and for an opportunity to introduce new expert opinions in the case.

Very truly yours,

COZEN O'CONNOR

 s/ Georgia S. Foerstner

By:    Georgia S. Foerstner

GSF
Enclosures

cc:    Thomas A. Wood, Esq.
       Patricia M. Maher, Esq.